UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N° 11-cv-2419 (JFB)(WDW)

———————————

CHRISTOPHER J. COMMINS,

Plaintiff,

VERSUS

HABBERSTAD BMW, SUFFOLK COUNTY, SUFFOLK COUNTY CIVIL COURTS 10TH JD, SUFFOLK COUNTY ATTORNEY'S OFFICE,

Defendants.

———————————

**MEMORANDUM AND ORDER**
March 20, 2012

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Christopher J. Commins ("plaintiff") brings this action against defendants Habberstad BMW ("Habberstad"), Suffolk County, Suffolk County District Court[1], and the Suffolk County Attorney's Office[2] (collectively the "defendants"). Plaintiff seeks damages in the amount of $190,000.00 from Habberstad for alleged damages incurred to his automobile. Plaintiff seeks legal redress from Suffolk County and the Suffolk County District Court for an alleged civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and seeks damages of $42,606,000.00.

Habberstad and Suffolk County separately move to dismiss the amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Suffolk County District Court moves to dismiss the amended complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Habberstad also asks that this Court impose sanctions against plaintiff for bringing a frivolous action. For the reasons set forth below, the defendants' motions to dismiss are granted. Habberstad's request for sanctions is denied.

---

[1] Plaintiff brings claims against the Suffolk County Civil Court JD 10. As no Suffolk County Civil Court exists, the Court construes plaintiff's complaint as one against the Suffolk County District Court.

[2] As the Suffolk County Attorney's Office is an administrative division of Suffolk County, the Court interprets plaintiff's claim against Suffolk County only.

## I. BACKGROUND

### A. Facts

The following facts are taken from the amended complaint and are not findings of fact by the Court. They are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the plaintiff, the non-moving party.

In 2008, plaintiff brought his 2000 323i BMW to Habberstad for various overheating problems. (Amended Complaint ("Am. Compl.") at 11, 19.[3]) The service department suggested certain repairs, which plaintiff agreed to and paid for. (*Id.* at 19.) Two days after picking up the car, the plaintiff continued to have problems with the car overheating, and was not able to start the car. (*Id.*) Habberstad towed the car back to their shop and did another test. (*Id.*) Plaintiff states that Habberstad told him that "they are not responsible for the DAMAGE to the car." (*Id.*) Plaintiff called another automotive repair shop, which diagnosed a different problem. (*Id.*) Plaintiff attempted to get the service records from Habberstad, but they put him on hold when he called and did not call him back. (*Id.*) Plaintiff asked a friend to get the records from Habberstad, but Habberstad refused to give the records to plaintiff's friend. (*Id.*) Plaintiff alleges that "BMW took a full avenge metal disable handy cap person I cant fix the car because Habberstad BMW kill the car." (*Id.*)

### B. Procedural History

#### 1. Prior Actions

On January 19, 2010, plaintiff brought a suit against Habberstad in Suffolk County District Court, 5th District, Small Claims Court, seeking $5,000 in property damages for "fail to fix neglect rep[a]ir" (hereinafter "Action #1.") (Declaration in Support of Habberstad's Motion to Dismiss (the "Habberstad Declaration") at Ex. A.) The court held a hearing on March 11, 2010. (*Id.*) The scheduled arbitrator adjourned the session because he had previously represented Habberstad. (Am. Compl. at 18.) On September 1, 2010, a different arbitrator decided the case on the merits and ruled "in favor of Defendant against Plaintiff of no cause for action." (Habberstad Declaration at Ex. B.) The decision was filed with the County Clerk's Office on or about September 13, 2010, and a copy was mailed to both plaintiff and defendant. (*Id.*) Pursuant to applicable court rules, plaintiff had 35 days from the date of the mailing of the arbitrator's award to request a *trial de novo*. (*Id.* at Ex. C.)

Instead of requesting a trial, plaintiff filed a Summons with Endorsed Complaint in the Civil Court of the City of New York, County of Queens on or about January 6, 2011 (hereinafter "Action #2"), seeking legal redress for "Failure to provide repairs; Damages caused to automobile for $25,000.00 with interest from 3/25/09." (Habberstad Declaration at Ex. D.) Plaintiff listed his address as a residence in Astoria, Queens. (Habberstad Declaration at Ex. D.)

On May 1, 2011, Judge Harriet L. Thompson issued a Decision and Order in Action #2 dismissing the case on the grounds that it was barred by *res judicata*. (Habberstad Declaration at Ex. E.) Judge Thompson noted that the plaintiff "had a full and fair opportunity to litigate this matter and in fact, after a full arbitration hearing, a decision was made by the Arbitrator Steven Schneir in Suffolk County." (Habberstad Declaration at Ex. E.) She explained further, "The plaintiff is precluded from litigating the identical claims again in this Court."

---
[3] The pages in plaintiff's amended complaint are only numbered through page 4. Accordingly, the Court references the page numbers assigned by ECF.

(Habberstad Declaration at Ex. E.) Defendant served a Notice of Entry on May 2, 2011 upon plaintiff. (Habberstad Declaration at Ex. F.) That same day, plaintiff filed a Notice of Appeal. (Habberstad Declaration at Ex. G.)

2. The Instant Action

Plaintiff filed the complaint in this action against Habberstad in the Eastern District of New York on May 17, 2011. Plaintiff filed an additional complaint against the Suffolk County Attorney's Office on June 2, 2011. The two actions were consolidated on June 6, 2011, and plaintiff filed an amended complaint.

Habberstad filed its motion to dismiss the amended complaint on July 5, 2011. Plaintiff replied in opposition on July 6, 2011, and Habberstad BMW responded on July 7, 2011.

Suffolk County filed its motion to dismiss on September 21, 2011. On November 15, 2011, the County submitted a letter in reply noting that the plaintiff had failed to submit an opposition. On November 16, 2011, the County submitted a second letter enclosing documents that the plaintiff had faxed to the County, and requested that the Court consider those documents as part of plaintiff's response to the County's motion to dismiss.

On January 9, 2012, the Suffolk County District Court filed its motion to dismiss. Plaintiff has failed to file an opposition to the Suffolk County District Court's motion.[4]

---

[4] Although plaintiff failed to file any opposition to the Suffolk County District Court's motion, the Court declines to grant the motion solely on the ground that it is unopposed and, instead, has analyzed the merits of plaintiff's claims. For the reasons set forth herein, the Court finds that plaintiff has failed to state a claim against the Suffolk County District

The Court has fully considered the parties submissions.

II. STANDARD OF REVIEW[5]

When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This

---

Court.

[5] The only portion of the motions being analyzed under Rule 12(b)(1) is the Eleventh Amendment immunity issued raised by the New York State Office of Court Administration. The remaining portions of the motions are being analyzed under Rule 12(b)(6).

standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

III. DISCUSSION

A. Habberstad

Habberstad argues that plaintiff's amended complaint should be dismissed because it is barred by the doctrines of res judicata and collateral estoppel. For the reasons set forth below, this Court agrees.[6]

---

[6] As noted *supra*, plaintiff alleges that "Habberstad BMW took a full avenge mental disable handy cap person . . ." (Am. Compl. at 19.) To the extent

4

1. Res Judicata

a. Legal Standard

The doctrine of res judicata, otherwise known as claim preclusion, prevents parties from re-litigating issues in subsequent litigation that were or could have been litigated in a prior action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. N.Y.C. Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). Because the prior decision at issue was rendered by a New York State court, New York's transactional analysis of res judicata governs, an analysis which "bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). This transactional approach "does not . . . permit a party to remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action." *Beckford v. Citibank N.A.*, No. 00-CV-205, 2000 WL 1585684, at *3 (S.D.N.Y. Oct. 24, 2000) (quoting *Henry Modell & Co. v. Minister, Elders & Deacons of Ref. Prot. Dutch Church*, 68 N.Y.2d 456, 462 n. 2, 510 N.Y.S.2d 63, 502 N.E.2d 978 (N.Y.1986)). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted). Finally, "[i]n determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id*. Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999). Furthermore, in evaluating the res judicata effect of a prior action, "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Moreover, "[t]he doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of a court." *Mitra v. Global Financial Corp.*, No. 09-CV-4387 (DLI)(RLM), 2010 WL 1529264, at *1 (E.D.N.Y. Apr. 15, 2010) (citing *Mahler v. Campagna*, 60 A.D.3d 1009, 1011, 876 N.Y.S.2d 143 (2d Dep't 2009); *United States Postal Serv. v. Gregory*, 534 U.S. 1, 16, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001) (Ginsburg, J., concurring) (quoting Restatement (Second)

---

plaintiff has attempted to plead a claim pursuant to the Americans With Disabilities Act against Habberstad, that claim is without merit, as he has alleged no facts which would support a plausible claim under the ADA. This action relates to a dispute over repairs to plaintiff's car and it is abundantly clear that such a dispute, given the allegations in this case, could not as a matter of law give rise to a claim under the ADA.

5

of Judgments § 84 (1982)); *Streit v. Amdocs, Inc.*, 307 F. App'x 505, 509 (2d Cir. 2009)). Similarly, actions in small claims court also have res judicata effect. *See, e.g.*, *Omara v. Polise*, 163 Misc.2d 989, 625 N.Y.S.2d 403 (Sup. Ct. App. Term 1995) (action barred by res judicata where plaintiff previously brought similar, unsuccessful actions against defendant in small claims court).

### b. Application

In this case, plaintiff's claims are clearly barred by the doctrine of res judicata by Action #1. In Action #1, plaintiff sought $5,000 from Habberstad for a purported failure to repair his vehicle. Although plaintiff is now seeking $190,000 from Habberstad, the instant action still alleges that he is entitled to damages from Habberstad because of their failure to repair his vehicle. Moreover, in Action #1, the arbitrator made a final decision on the merits, ruling "in favor of Defendant against Plaintiff of no cause for action." (Ex. B.) Thus, in light of the determination in Action #1, the claims in the instant case are barred by the doctrine of res judicata.

It should also be noted that in Action #2, the Queens County Civil Court judge determined that plaintiff's claim, which is nearly identical to the one at bar, was barred by the previous determination in Action #1 under the doctrine of res judicata. That decision has a preclusive effect even if plaintiff is appealing such decision. *See, e.g.*, *Galin v. United States*, No. 08-CV-2508 (JFB)(ETB), 2008 WL 5378387, at *9 (E.D.N.Y. Dec. 23, 2008) ("Plaintiff's argument that collateral estoppel does not apply because the related case is on appeal is unpersuasive given that a decision is 'final' when judgment is entered, even if an appeal is later filed.") (collecting cases); *see also Brown v. Mfrs. Hanover Trust Co.*, 602 F. Supp. 549, 551 (S.D.N.Y. 1984)("That the plaintiff is attempting to appeal the . . . [related decision] does not affect the outcome of this motion. In New York, the pendency of an appeal does not alter the res judicata effect of the challenged judgment.") (citing cases). Thus, this second decision also provides a separate basis for dismissal of this action on res judicata grounds.

Accordingly, plaintiff's claims against Habberstad are dismissed under the doctrine of res judicata.

### 2. Collateral Estoppel

Habberstad also contends, in the alternative, that the claims, including a conflict of interest claim or any civil RICO claims, are barred by the doctrine of collateral estoppel. As set forth below, the Court agrees.

### a. Legal Standard

"'[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state-court judgments the same preclusive effect as the judgment would have in the state from which it originated. *See* 28 U.S.C.

6

§ 1738 ("[J]udicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken"); *see also Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) ("We apply federal law in determining the preclusive effect of a federal judgment and New York law in determining the preclusive effect of a New York State court judgment." (internal citations omitted)). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted); *accord Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005).

b. Application

Plaintiff's claim for conflict of interest, in connection with Action #1, is barred by the doctrine of collateral estoppel because it was raised and decided in Action #2. In Action #2 the Queens Civil Court Judge stated:

> This action was commenced to recover money for alleged property damage for defective repairs to the Plaintiff's automobile. On January 19, 2010, the Plaintiff commenced an action in the Small Claims Part of the District Court in Suffolk County seeking legal redress for "property damage" and for "failure to fix neglect repair." In that case, the plaintiff alleged that he lived in Northport, New York, and was seeking damages up to $5,000.00. On May 13, 2010, the Arbitrator, David Ardam, recused himself based on the fact that he acted as counsel for the Defendant. The case was adjourned to September 1, 2010. On the adjourned date, a different Arbitrator, Steven Schneir, conducted a hearing and found "in favor of Defendant against Plaintiff of no cause of action. . . . Subsequently, the Plaintiff moved this Court by Order to Show Cause made returnable on May 2, 2011 stating that he unintentionally missed his court date, alleges the same conflict of interest with the Suffolk County Arbitrator discussed above . . .

(Habberstad Declaration at Ex E.) The Queens Civil Court then found that Action #2 was barred by Action #1 under the doctrine of res judicata. (Habberstad Declaration at Ex. E.) Thus, the same issue of conflict of interest was raised in Action #2 and plaintiff had a full and fair opportunity to litigate it in the prior proceeding. As noted *supra*, even if Action #2 is the subject of an appeal, the doctrine of collateral estoppel still applies. *See also Davis v. Oyster-Bay E. Norwich Cent. Sch. Dist.*, No. 09-CV-1823, 2010 WL 3855237 (JFB)(ETB), at *4 (E.D.N.Y. Sept. 28, 2010) ("the state-court decision still has collateral estoppel effect even though it is pending on appeal") (collecting cases). Accordingly, the Court concludes, in the alternative, plaintiff's conflict of interest cause of action must be dismissed because it is barred by collateral estoppel.[7]

---

[7] Habberstad also argues that plaintiff's amended complaint appears to only be alleging a civil RICO claim against Suffolk County and the Suffolk County District Court, but to the extent that plaintiff has alleged a civil RICO claim against Habberstad, it is

B. Suffolk County District Court

The Suffolk County District Court argues that plaintiff's cause of action is barred by the Eleventh Amendment. For the reasons set forth below, the Court agrees and dismisses plaintiff's complaint against the Suffolk County District Court.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Agencies of the state are also immune under the Eleventh Amendment when the state is the real party in interest. *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 11982). As the Supreme Court has stated, "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. . . . This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

Local District Courts in New York State, such as the Suffolk County District Court, are administered by the New York State Office of Court Administration of the Unified Court System. Accordingly, because the State has not consented to suit, and there is no express statutory waiver, the Suffolk County District Court is entitled to Eleventh Amendment Immunity and plaintiff's claims against the Suffolk County District Court must be dismissed.[8]

C. Suffolk County

Apart from listing the County of Suffolk in the caption of the action, the amended complaint is otherwise silent regarding any alleged conduct on the part of the County. Construing plaintiff's complaint liberally, it appears that plaintiff is attempting to hold the County responsible for the unfavorable determination he received in Suffolk County Small Claims Court in Action #1. However, as explained *supra*, the County does not administer New York State Courts. Instead, the New York State Office of Court

---

also barred by collateral estoppel. This Court agrees. First, plaintiff's amended complaint appears to only allege a civil RICO claim against Suffolk County and the Suffolk County District Court. However, to the extent that the claim is alleged against Habberstad, since plaintiff's civil RICO claim is wholly based on the alleged conflict of interest in Action #1, plaintiff's civil RICO claim must be dismissed under the doctrine of collateral estoppel.

[8] The Suffolk County District Court also argues that, in the alternative, plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted. The Court agrees. Plaintiff is essentially attempting to have this Court review a claim he brought in Small Claims Court. The proper avenue for such a review is a state court appeal, not a federal lawsuit. Plaintiff has utterly failed to allege any facts that could state a plausible claim against the Suffolk County District Court for any constitutional violations, or any other theory of liability, that could survive a motion to dismiss.

8

Administration administers the New York State courts, such as the Suffolk County Small Claims Court, through the Unified Court System. Accordingly, any such claim should not be lodged against the County, and in any event, as discussed *supra*, is barred by the Eleventh Amendment as against New York State. Moreover, even assuming, *arguendo*, that an employee of the County made the decision in the Small Claims Court that adversely affected the plaintiff, that person would be entitled to absolute judicial immunity. *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2005).

Suffolk County also argues that, even if this Court was to construe plaintiff's claim as one for conspiracy pursuant to 42 U.S.C. § 1983 ("Section 1983"), that claim must also be dismissed. This Court agrees.

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to state a claim for conspiracy pursuant to Section 1983, a plaintiff must allege "(1) an agreement between a state actor and a private party [or state actor]; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello*, 292 F.3d 307, 324-325 (2d Cir. 2002.) Moreover, vague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed. *See Id* at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." (citing *Ciambriello*)); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05CV1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations.").

In the instant action, plaintiff's amended complaint fails to indicate what right, privilege or immunity plaintiff was deprived of by Suffolk County's actions. Even construing plaintiff's amended complaint liberally, the Court cannot discern what rights plaintiff claims were violated. In addition, plaintiff's allegations are conclusory and vague, and thus insufficient to allege conspiracy pursuant to Section 1983. Accordingly, plaintiff's claims against Suffolk County are dismissed.

IV. LEAVE TO REPLEAD

The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However,

9

leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Here, the Court has determined that the Suffolk County District Court is immune from suit. Moreover, plaintiff's claims against Suffolk County appear to be attempts to plead claims against the State which, as discussed *supra*, are barred and, in any event, are frivolous. In addition, plaintiff's claims against Habberstad are barred by the doctrines of res judicata and collateral estoppel. Accordingly, granting plaintiff leave to re-plead would be futile. Thus, leave to re-plead is unwarranted.

## V. HABBERSTAD'S REQUEST FOR SANCTIONS

Habberstad seek to impose sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against the plaintiff. Specifically, Habberstad argues that "Plaintiff was cautioned by Judge Thompson that 'if he commences any further legal action on this claim against Defendant [Defendant Habberstad], the court may conclude that such action is frivolous and with the intention to harass or injure the Defendant [Habberstad]." (Habberstad's Br. at 10 (citing Habberstad Declaration at Ex. E.).) Habberstad asks that this Court preclude plaintiff from filing any claim against Habberstad, regardless of the forum, without first seeking judicial assistance or, in the alternative, order plaintiff to pay monetary sanctions of up to $10,000.00. (Habberstad's Br. at 10.) For the reasons that follow, Habberstad's motion for sanctions is denied.

As an initial matter, the Court notes that Habberstad has not satisfied the procedural requirements for filing a sanctions motion. A request for sanctions must be made by separate motion, in accordance with Rule 11(c)(2) of the Federal Rules of Civil Procedure. In any event, the Court denies Habberstad's motion. In considering a motion for sanctions under Rule 11, this Court applies an "objective standard of reasonableness." *See MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks omitted). Additionally, "when divining the point at which an argument turns from merely losing to losing and sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenetady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (emphasis in original) (internal quotation marks omitted).

Similarly, the issuance of a filing injunction is appropriate when a plaintiff abuses court process to harass and annoy others with "'meritless, frivolous, vexatious or repetitive . . . proceedings.'" *Davey v. Dolan*, 453 F. Supp. 2d 749, 756 (S.D.N.Y. 2006) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1991)). To determine whether a filing injunction is warranted, a district court should consider:

(1) the litigant's history of litigation and in particular whether it entailed vexations, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* Here, Commins has a history of litigation involving duplicative lawsuits. This is his third attempt to raise claims in some court relating to his car repair. Although plaintiff is *pro se*, which weighs against imposition of a filing injunction, the Court notes that Judge Thompson previously warned plaintiff in denying defendants' motion for sanctions in Action #2: "The Plaintiff is cautioned that if he commences any further legal action on this claim against the Defendant, the Court may conclude that such action is frivolous and with the intention to harass or injure the Defendant, and the appropriate sanctions of up to $10,000 can be imposed against the Plaintiff for such action." (Habberstad Declaration at Ex. E.)

Although many of these factors favor the ban (or a monetary sanction), the Court concludes in its discretion that, balancing all of the factors, the requested sanctions are unwarranted. As noted by Judge Thompson in her Decision and Order, "Although ignorance of the law is no excuse, the concept of res judicata and collateral estoppel i[s] often challenging for many attorneys nonetheless pro se litigants with no legal education or skill." (Habberstad Declaration at Ex. E.) This Court agrees. Moreover, even though Judge Thompson warned Commins about filing future lawsuits regarding these same claims, it is entirely possible that Commins did not understand that the res judicata effect of the state court proceedings also applies to federal court, even if he is attempting to appeal the state court judgment. *See Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) (noting, in the context of a motion for Rule 11 sanctions, that "the court may consider the special circumstances of litigants who are untutored in the law."). Thus, since this is his first attempt to litigate his claims in federal court, this Court finds in its discretion that no sanction is warranted. However, "[d]uplicative litigation is, to be sure, clearly impermissible, and plaintiff must understand that further filing of overlapping pleadings may require sanctions." *Soling v. N.Y. State*, 804 F. Supp. 532, 539 (S.D.N.Y. 1992). The Court thus, in its discretion, declines to impose a filing injunction on plaintiff at this time, or any other sanction under Rule 11, but issues plaintiff one final warning that any future filings of this nature related to these claims will result in such a ban. Accordingly, Habberstad's request for sanctions under Rule 11 is denied.

VI. CONCLUSION

For the foregoing reasons, the Court grants the defendants' motions to dismiss the amended complaint in its entirety.[9] In

---

[9] Plaintiff has also filed a motion to strike. In addition, plaintiff has filed a "Memorandum Of Law In Support Of Order To Asset Freeze Order For Restraining Order Injunction And Temporary," a "Memorandum Of Law In Support of Order To Seizure order of records Prelimina Restrain In Order Injunction And Temporary," and a "Memorandum Of Law In Support Of Order For Disbarred Order For Preliminar Restrain In Order Injunction And Temporary." As the Court grants defendants' motions to dismiss the amended complaint, plaintiff's motions

addition, Habberstad's motion for sanctions is denied. The Clerk of the Court shall enter judgment accordingly and close the case.

        SO ORDERED.

_____
Judge Joseph F. Bianco
United States District Judge

Date:     March 20, 2012
             Central Islip, NY

        \*     \*     \*

Plaintiff is *pro se*, 705 Linton Boulevard Apt. B203, Delray Beach, FL 33444. Defendant Habberstad BMW is represented by Saul D. Zabell, Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, NY 11716. Defendants Suffolk County and the Suffolk County Attorney's Office are represented by Brian C. Mitchell**,** Suffolk County Deptartment of Law – County Attorney, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, NY 11788. Defendant Suffolk County Civil Courts 10th JD is represented by Lori L. Pack, Office of the New York State Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788.

---

are moot and, in any event, without merit. Moreover, plaintiff has also filed a motion for recusal. The Court finds that there is no basis for recusal and denies plaintiff's motion.